## HAINES v. REYNOLDS.

(Supreme Court, Appellate Division, First Department. June 10, 1904.)

1. CHANGE OF VENUE—LACHES.
　　Where trial was not had until two years and two months after issue was joined and the case noticed for trial, a motion for a change of venue after disagreement of the jury should be denied on the ground of laches.

Appeal from Special Term, New York County.

Action by Harriet A. Haines against Mary Reynolds. From an order granting a motion for a change of venue, plaintiff appeals. Reversed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Albert I. Sire, for appellant.
Chandler A. Oakes, for respondent.

PER CURIAM. It appears that issue was joined December 20, 1901, and that the case was noticed for trial in January, 1902, and was tried in April, 1904, the trial resulting in a disagreement of the jury. Upon the ground, therefore, of delay and laches in making the application, the defendant's motion for a change of venue should have been denied.

In order to justify the granting of such a motion after trial actually had, exceptional reasons should appear. The general rule is that such an application must be made within a reasonable time after issue joined. Hoffman v. Sparling, 12 Hun, 83; Quinn v. Van Pelt, Id. 633. Upon the ground, therefore, of laches and delay in making the application, and a failure to show exceptional facts to take the case out of the application of the general rule, we think the motion should have been denied.

The order, accordingly, is reversed, with $10 costs and disbursements, and the motion denied.

---

## JAYNE v. BROWN.

(Supreme Court, Appellate Division, Second Department. April 29, 1904.)

1. STATUTE OF FRAUDS—AGREEMENT TO CONVEY LANDS—ENFORCEMENT IN EQUITY.
　　An oral agreement to convey lands will not be enforced in equity unless the failure to enforce it will work a fraud on plaintiff.

2. SAME—EVIDENCE—EQUITIES—DISMISSAL OF COMPLAINT.
　　In a suit to enforce an agreement to convey lands to plaintiff, it appeared that plaintiff had formerly had title, but that a mortgage on the land had been foreclosed; that plaintiff furnished a portion of the purchase money when the land was bought by defendant from the mortgagee, but that it was the proceeds of property, the title to which was in defendant, and that defendant secured a loan on her personal bond and a second mortgage, in order to raise the balance of the purchase money; and that since defendant acquired title she had consistently used and claimed the property as her own. *Held*, that the bill was properly dismissed, the equities appearing to be with defendant.

Appeal from Special Term, Suffolk County.

Action by one Jayne against one Brown. From a judgment in favor of defendant, plaintiff appeals. Affirmed. on the opinion of Mr. Justice Smith at Special Term:

The plaintiff has failed to establish to my satisfaction that there was any agreement or understanding between himself and daughter, either express or implied, that she should convey the property in question to him upon his request. No witnesses were present when the alleged agreement was made, and the denial of the defendant that said agreement was made is quite as credible as the testimony of the plaintiff, and more thoroughly and satisfactorily corroborated by the conceded facts in the case. If such oral agreement was made, it contravenes the statute of frauds, and will not be enforced by a court of equity, unless the failure to do so would work fraud upon the plaintiff. Both in a legal and moral sense the equities of the case are with the defendant. The plaintiff formerly had title to the property, but suffered it to become so heavily incumbered that it was foreclosed, and the title became vested in the mortgagee, the Mutual Life Insurance Company of New York. I am satisfied that, had it not been for the personal efforts of the defendant, she would not have obtained title to the property. The plaintiff furnished $400 of the purchase money, but it was the proceeds of property, the title to which was in the defendant, and there is nothing in the case from which it may be determined that the title to that property became vested in her under such circumstances that the plaintiff had any legal claim upon the proceeds of its sale. The $400 was not sufficient, and the defendant secured a loan, upon her personal bond and a second mortgage, from Mr. Dutcher. The plaintiff had also solicited a loan from Mr. Dutcher, but it is apparent from the testimony that, had it not been for the defendant, the loan would not have been made by him. The plaintiff parted with nothing upon the faith of this alleged agreement, and incurred no personal obligation. It is apparent that, since the defendant took the title and went into possession, she has consistently used and claimed the property as her own. She has sold portions of it without consultation with the plaintiff, has kept it up and paid the taxes and interest, and, with true filial spirit, has maintained her father and mother on the premises. The property has increased in value since she took title thereto, and that probably furnishes an explanation for the cause of this litigation.

Under all the circumstances of the case, to now deprive the defendant of the property would work a grave injustice to her, and I decide that the complaint must be dismissed upon the merits, with costs.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Maurice Breen (Wm. J. Lippmann, of counsel), for appellant.
Fred Ingraham (James W. Treadwell, of counsel), for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of Mr. Justice Wilmot M. Smith at Special Term.

---

SMITH v. LAZIER GAS ENGINE CO.

(Supreme Court, Appellate Division, Fourth Department. March 29, 1904.)

1. COMPLAINT—CAUSE OF ACTION ALLEGED—NONPERFORMANCE OF CONTRACT—WARRANTY.

A complaint set out a contract by which defendant agreed to furnish an engine which it warranted would develop a certain power, for which plaintiff agreed to pay $570 and a secondhand engine, to be taken at $100; alleged that plaintiff, relying on the warranties, set up the engine, and